IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS RODARTE, H-16012, | ) | |
| Petitioner, | ) | No. C 15-1048 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| MARION SPEARMAN, Warden, | ) | (Dkt. #2) |
| Respondent. | ) | |

Petitioner, a state prisoner at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the 2013 decision of the California Board of Parole Hearings (BPH) to deny him parole.

**BACKGROUND**

In 1991, petitioner was sentenced to an indeterminate term of 15 years to life in state prison after a jury found him guilty of second degree murder in San Francisco County Superior Court.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On February 11, 2015, the Supreme Court of California denied his challenge to the BPH's 2013 decision.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's 2013 decision finding him not suitable for parole on the ground that the decision violates the constitutional prohibition against ex post facto laws. Among other things, petitioner claims that the application of stricter judicial interpretations of the parole suitability standard and of Marsy's Law to him amount to an impermissible application of ex post fact laws. Liberally construed, petitioner's ex post facto claims appear minimally cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). But cf. Gilman v. Schwarzenegger, 638 F.3d 1101, 1111 (9th Cir. 2011) (reversing preliminary injunction against application of Marsy's Law on ground that plaintiffs were not "likely to succeed on the merits of their ex post facto claim").

/

/

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's application to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 (dkt. #2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record or proceeding that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: April 15, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.15\Rodarte, L.15-1048.osc.wpd

3